UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:21-cv-60612-RAR

GUSTAVO AGUILAR, M.S., P.A.C.,

    Plaintiff,

vs.

ASTRAZENECA
PHARMACEUTICALS, L.P.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41(a)(2)**
**AND TO STAY PRETRIAL DEADLINES PENDING DISPOSITION OF THE MOTION**

THE AMLONG FIRM
Attorney for Plaintiff
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

KAREN COOLMAN AMLONG
Florida Bar Number 275565
WILLIAM R. AMLONG
Florida Bar Number 470228
RANI NAIR BOLEN
Florida Bar Number 0029293

*Attorneys for the Plaintiff*



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

**PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41(a)(2)
AND TO STAY PRETRIAL DEADLINES**

Plaintiff, Gustavo Aguilar, M.S., P.A.C., moves as follows:

**A.    Introduction**

Plaintiff, a Costa Rican native, who worked for defendant from April 2016 to December 2018, filed this national origin discrimination and retaliation suit on March 18, 2021, alleging claims under Title VII and the Florida Civil Rights Act ("FCRA"). [DE 1]  After written discovery and eight depositions, defendant moved on December 28, 2021 for final summary judgment.[1] [DE 52, 53] In lieu of responding, plaintiff now seeks dismissal of the complaint under Rule 41(a)(2) and to stay pretrial deadlines pending disposition of the Rule 41(a)(2) motion.

**B.    The Relevant Facts**

Plaintiff offers the following facts, which are supported by the record in this case and are relevant to this motion or to which plaintiff has attested in the Unsworn Declaration Under Penalty of Perjury Pursuant to 28 USC § 1746 of Gustavo Aguilar attached as Exhibit A ("Unsworn Declaration")

1.    Plaintiff filed his charge of discrimination with the EEOC on August 15, 2019. [DE 52-28]

---

[1]Due to a clerical error, the deadline for plaintiff's response was not calendared. The Court issued a show cause order on January 13, 2022. [DE 56] Plaintiff responded, moving for an out-of-time enlargement [DE 57], which the Court granted by order entered January 14, 2022. [DE 58], making the response due on or before January 25.  The parties' pretrial filings also are due January 25, 2022, the original deadline, January 11, 2022 [DE 17], having been extended on defendant's unopposed motion filed January 4, 2022 [DE 54] and paperless order granting the motion entered that same day. [DE 55]

2.  The EEOC issued plaintiff a Notice of Right to Sue (Issued upon Request) dated December 9, 2020. [DE 52-29].

3.  Plaintiff received the Notice of Right to Sue on December 18, 2020. [DE-1, at ¶ 6]

4.  Plaintiff timely filed this lawsuit on March 18, 2021. [DE-1]

5.  Plaintiff's window to file a lawsuit under federal law closed 90 days after the Notice of Right to Sue was received. [DE 52-29, at p. 2 ("In order to pursue this matter further, you must file a lawsuit against the respondents named in the charge **within 90 days of the date you receive this notice**. . . .Once this 90-day period is over, your right to sue based on the charge referred to in this notice will be lost.")](emphasis in original).

6.  Plaintiff's right to file under the Florida Civil Rights act has not yet expired.[2]

7.  Plaintiff agreed to seek dismissal of this case based on advice of counsel and has no intention of refiling the FCRA claims, although he still has time to do so.   Unsworn Declaration at ¶ 4; Fact #6 and note 2.

**C.     The Applicable Law**

1.  Dismissal is governed by Rule 41.

Federal Rule of Civil Procedure 41 provides in pertinent part:

Rule 41. Voluntary Dismissal of Actions

(a) VOLUNTARY DISMISSAL

---

[2] While technically not a "fact," plaintiff believes that defendant cannot and will not dispute this conclusion. Plaintiff either has four years from the date of the adverse action (or until November 28, 2022) to file a lawsuit, Joshua v. City of Gainesville, 768 So. 2d 432, 439 (Fla. 2000)("We hold that the statute of limitations for causes of action based on statutory liability, section 95.11(3)(f), applies to situations where the Commission has not made a reasonable cause determination within 180 days.") or he has 180 plus 365 days (545 days altogether) from the issuance of the Notice of Right to Sue (or until May 26, 2022) to refile its action under the FCRA. See e,g, Villa v. AT&T Corp., No. 13-227430-CIV, 2014 WL 10294725 (S.D. Fla. Oct. 6, 2014).

\* \* \*

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1),[3] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Because defendant has filed both an answer and a motion for summary judgment, plaintiff must request the Court to allow plaintiff to dismiss this action on terms that the Court considers proper. Rule 41(a)(1)(A)(I). Rule 41(a)(2).

    2.    <u>The reason for conditions when granting a Rule 41(a)(2) dismissal without prejudice.</u>

The old Fifth Circuit, in <u>LeCompte v. Mr. Chip, Inc.</u>, 528 F.2d 601, 604 (5th Cir. 1976), stated, "[A] district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect.[4] Similarly, the Eleventh Circuit in <u>McCants v. Ford Motor Company, Inc.</u>, 781 F.2d 885, 886

---

[3]Rule 41(a)(1) provides:

(1) *By the Plaintiff.*

    *(A) Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

        (i) ***a notice of dismissal before the opposing party serves either an   answer or a motion for summary judgment***; or

        (ii) a stipulation of dismissal signed by all parties who have appeared.

    *(B) Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(Emphasis added.)

[4]The Eleventh Circuit, in an <u>en banc</u> decision, <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent  decisions of the former Fifth Circuit
(continued...)

(1986), has stated "The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" quoting Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961). Thus, the case law requires dismissal in "most cases" upon a Rule 41(a)(2) motion "unless the defendant will suffer clear legal prejudice ***other than the mere prospect of a subsequent lawsuit***, as a result. (citing LeCompte, 528 F.2d 601, 604)(emphasis added by the McCants Court).

    3.    <u>The district court has broad discretion regarding dismissal and the conditions it imposes</u>.

The decision whether to allow a voluntary dismissal is committed to the "broad discretion" of the court. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). Likewise, "the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Thus, the district court's order may be reviewed only for an abuse of discretion. McCants, 781 F.2d at 857 (citing La-Tex Supply Co. v. Fruehauf Trailer Div., Fruehauf Corp., 444 F.2d 1366, 1368 (5th Cir.), cert. denied, 404 U.S. 942, 92 S.Ct. 287, 30 L.Ed.2d 256 (1971); American Cyanamid Company v. McGhee, 317 F.2d 295, 298 (5th Cir. 1963).

    4.    <u>The application of Rule 41(a)(2) when a summary judgment motion has been filed</u>.

In considering whether to allow dismissal after a summary judgment motion has been filed, the Eleventh Circuit has "decline[d] to adopt a per se rule that the pendency of a summary judgment

---

[4](...continued)
rendered prior to October 1, 1981.
.

motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice" and Rule 41(a) "expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment." Pontenberg, 252 F.3d at 1258. Indeed, in the Eleventh Circuit, unless there is a showing of bad faith, "the mere attempt to avoid an adverse summary judgment ruling in and of itself" does not equate the "clear legal prejudice, other than the mere prospect of a subsequent law suit" required for the court to grant a voluntary dismissal "in most cases." Id., at 1255, quoting McCants, 781 F.2d at 856-857. The Pontenberg court also quoted Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967) for the proposition that the "crucial question to be determined" in exercising its discretion was whether "the defendant [would] lose any substantial right by the dismissal." Pontenberg, 252 F. 3rd at 1255-56.

In Pontenberg, the plaintiff sought to dismiss her action after discovery had closed, her expert reports had been excluded because her attorney's failure to timely comply with the expert disclosure requirements of Rule 26 and a summary judgment motion was pending. The defendant objected to a without-prejudice dismissal because it had invested considerable resources, financial and otherwise, in defending the action and argued dismissal without prejudice was improper because the plaintiff had failed to diligently prosecute the action. Despite these arguments and the posture and history of the case, the district court found—and the Eleventh Circuit affirmed—that the defendant failed to identify "clear legal prejudice" and that the granting of dismissal without prejudice was appropriate with one condition: that the court "should assess costs against plaintiff pursuant to Fed.R.Civ.P. 41(d)"[5] if the plaintiff refiled her action against the defendant.

---

[5]Rule 41(d) provides:

(continued...)

In MaCants, the plaintiff wished to dismiss her diversity product liability action filed in Alabama because she believed her complaint would be subject to Alabama's general one-year statute of limitations and, therefore, defendants' already-filed motion for summary judgment would be granted. 781 F.2d at 857-858. After surveying out-of-jurisdiction rulings in similar cases, the Eleventh Circuit concluded that it was not an abuse of discretion to dismiss under Rule 41(a)(2) "an action that was time-barred as brought, where the purpose of effect of such dismissal is to allow the plaintiff to refile the action in a place or manner which is not similarly time barred" because "what little authority that exists on this particular question suggests that the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal." Id. at 858. The McCants Court also noted the attention to the lack of bad faith paid by the old Fifth Circuit in Durham v. Florida East Coast Railway Co., 385 F.2d 366 (5th Cir. 1967), and found no bad faith that would support reversing the district court's dismissal of the case without prejudice.[6]

---

[5](...continued)
(d) COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and

> (2) may stay the proceedings until the plaintiff has complied.

[6]In MaCants, while noting, "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation[,]" 781 F.2d at 860, the district court failed to impose or even discuss any conditions attached to the dismissal without prejudice. As a result, the Eleventh Circuit vacated the order dismissing the case without prejudice and remanded the case to the district

(continued...)

> 5. <u>The Eleventh Circuit has affirmed a the imposition of costs upon refiling after a dismissal under a Rule 41(a)(2) motion, but it has reversed cases in which the district court improperly dismissed a complaint with prejudice.</u>

In <u>Pontenberg</u>, <u>supra</u>, the Eleventh Circuit found the district Court's decision permitting the plaintiff to dismiss her action without prejudice, even though she had not vigorously prosecuted her case and even though a summary judgment was pending, because it was not "outside the zone of choice"—i.e., an abuse of discretion—especially when the Court conditioned dismissal on the payment of costs to the defendant upon refiling, thereby adequately addressing any financial prejudice suffered by the defendant. 252 F.3d at 1260.

On the other end of the spectrum, is <u>Durham v. Florida East Coast Railway Company</u>, 385 F.2d 366 (5th Cir. 1967), a federal Employees Liability action alleging the employer, a railroad, negligently failed to provide a safe place to work. When the case was called for trial, the plaintiff moved to amend based on "newly discovered evidence" (which it wasn't) to add a new cause of action. The district court denied the motion to amend. Plaintiff moved for a voluntary dismissal without prejudice, the defendant objected, the court sustained the objection and directed plaintiff to present his case. <u>Id.</u> at 367. When plaintiff announced he could not proceed, the district court dismissed the action "with prejudice to and at the cost of the plaintiff." <u>Id.</u> The appellate court, however, noting that plaintiff's lawyer may have been negligent for various reasons or "lacking in consideration lawyers should have for witnesses, opposing counsel, and the trial judge," found no evidence of bad faith in the record and determined his negligence was insufficient to justify a dismissal with prejudice. <u>Id.</u> at 368. Further, since the Court found the record disclosed no prejudice

---

[6](...continued)
court with instructions to rule on the defendant's request for conditions to be imposed on any dismissal of the case without prejudice and to state the findings and conclusions that led to the district court's decision in that regard.

to the defendant had a voluntary dismissal been granted except the "annoyance of a second litigation on the same subject matter," it found the district court abused its discretion dismissing the complaint with prejudice and reversed and remanded with instructions that the complaint be reinstated subject to dismissal without prejudice on proper motion and conditions as the trial court considered proper. Id. at 369. Compare Fisher v. Puerto Rico Marine Management, 940 F.2d 1502 (11th Cir. 1991)(affirming denial of motion for voluntary dismissal without prejudice and finding the district court did not abuse "its broad discretion" in denying plaintiff's motion where plaintiff's counsel filed a motion to dismiss voluntarily and a motion to amend well over a month after she could have discovered the information on which she relied and defendant had filed his trial brief; plaintiff 's motion to amend sought to add new theories of recovery and a new party defendant, which would require additional and sometimes duplicative discovery after time and expense already had been expended; and the dismissal might have a prejudicial impact on the availability and recollections of witnesses).[7]

      6.      <u>The District Courts have imposed a range of conditions attendant to granting a Rule 41(a)(2) motion that this Court may consider.</u>

A.      <u>Brown v. ITPE Health Welfare Fund</u>, Civil Action No. 2:05cv 1002-ID; 2006 WL 2711511, at *3 (M.D. Ala. Sept. 21, 2006). The plaintiff sought a Rule 21(a)(2) dismissal of her lawsuit against defendant, which filed an opposition, arguing it would suffer "legal prejudice" if the lawsuit were dismissed without prejudice and without conditions attached to the dismissal. The district court, citing <u>MaCants</u>, <u>supra,</u> determined otherwise, noting that neither the mere prospect the plaintiff would refile the lawsuit nor the fact that the plaintiff "may obtain some tactical advantage

---

[7]The district court also awarded attorneys fees against the plaintiff, which the Eleventh Circuit did not address because that decision was not yet an appealable final order until the amount to be awarded also is determined. Id. at unnumbered footnote at end of decision. Id.

in a later filing constitutes "clear legal prejudice sufficient to deny a Rule 41(a)(2)motion." However, while the district court found the defendant's argument based on it's time and expenses incurred *and* plaintiff's timing in moving for the dismissal do not constitute "clear legal prejudice precedent in light of the binding precedent" of this Circuit, and in weighing the "relative equities" in order to "do justice between the parties" it was proper to *condition the dismissal without prejudice on the payment of taxable costs in defending this action should plaintiff re-file the lawsuit, including the fees incurred by defendant in preparing its summary judgment motion only.*

   B. Romika-USA, Inc. v. HSBC Bank USA, N.A., 514 F. Supp. 2d 1334 (S.D. Fla. 2007). This was a business dispute between plaintiff and defendant Columbia Sportswear company in which plaintiff's the three remaining counts were tortious interference with a business relationship (Count II), Breach of Contract (Count III) and breach of a third party beneficiary contract (Count IV). Five weeks before a specially set trial, and more than two years after the action was filed by Romika, with discovery closed and Columbia's summary judgment motion pending, Romika sought leave to dismiss Count III of its amended complaint without prejudice. Its conduct had caused a series of delays in the prosecution of the lawsuit, and the consequences of one such delay—plaintiff's failure to timely give Columbia its expert disclosures— was an order striking its expert witness. Columbia opposed the Rule 41(a)(2) motion unless the dismissal was with prejudice. Romika-USA, Inc. at *14, note 10. Because of the eleventh hour timing of the motion, the plaintiff's culpability in prolonging the litigation and Columbia's substantial legal fees incurred in defending the action, the court found the only way to grant Romika-USA motion and "still do justice between the parties" was to **condition dismissal upon Romika-USA's payment of Columbia's taxable costs and reasonable attorneys' fees incurred in defending this action should Romika-USA later re-file this breach of contract claim.** Id. at *15.

C.  Ooida v. 4 Points Logistics, LLC, No. 5:05-cv-440-Oc-10GRJ (M.D. Fla. July 12, 2007).  This was a putative class action brought by individual trucking companies and an industry trucking association (OOIDA) alleging breach of contract and breach of federal regulations in the aftermath of Hurricane Katrina and an effort by the State of Florida to provide fresh water and ice to storm victims in the Gulf Coast areas that came before the court, including on defendant's motion for summary judgment as to three counts of the complaint (Counts I, II and III) to which plaintiff had responded; and the plaintiffs' motion to voluntarily dismiss as to Counts I and II, to which defendant had responded. Relevant to the current dispute,  the Court granted summary judgment on Count III and granted plaintiff's motion on Counts I and II, wherein plaintiffs sought to voluntarily dismiss *with prejudice* these counts, with each side to bear its own fees and costs. Although plaintiff's previously notified the district court of its intent to seek a voluntary dismissal of these claims in response to defendant's summary judgment motion, the defendant objected, contending that it would be substantially prejudiced if the Court did not dispose of these claims on the merits. Ooida, at * 6-7, and note 3. Noting that voluntary dismissals, with or without prejudice are generally favored in this Circuit absent some evidence the defendant will suffer plain prejudice, i.e.,more than the mere prospect of a second law suit, the district court noted the only prejudice the defendant identified was loss its ability to obtain attorneys' fees and costs if it were to prevail at summary judgment as to counts I and II and that to deny it this opportunity by merely dismissing the claims would be unfair and substantially prejudicial in light of the time and effort it had expended in defending against these claims.  The district court determined that defendant had presented no legal authority as to its entitlement to fees under the relevant statute and the only legal authority on this issue held the opposite. Id. *9-10. The Court also noted that the fact that plaintiffs seek dismissal with prejudice

removes any concern that plaintiffs may later seek to relitigate the case and ameliorates to some extent the time spent on discovery. Id. at *10.

Thus, the district ***court granted plaintiffs' motion to dismiss <u>with prejudice</u> with each side to bear their own fees and costs***. Ooida, at *20.

  D. <u>Ortiz v. N.H. Inc.</u>, Case No. 17-20169-Civ-TORRES (S.D. Fla. Sep. 27, 2017). This was a Fair Labor Standards Act case in which the plaintiffs filed a Rule 41(a)(2) motion to dismiss their claims without prejudice, which the court granted in part and denied in part. The plaintiffs, who both resigned shortly before the suit was filed and sought 25 hours a week of uncompensated overtime from 2012 to 2017, moved for dismissal claiming defendant filed criminal charges against both, which they learned about after their suits were filed. They sought dismissal without prejudice, with each party to pay its own fees and costs, arguing that the pending criminal charges could force them to violate their constitutional rights against self-incrimination if they were required to respond to discovery or participate in depositions. Ortiz, at *2-3. Defendants opposed the motions because they had incurred significant fees and costs in defending the actions and the resources spent on opposing several of plaintiff's motions required the claims to be dismissed with prejudice. Id. at *3. Defendants also questioned plaintiff Ortiz's arguments she was being forced to choose between waiving Fifth Amendment privileges in the criminal case and pursuing the civil action and the true motive was to alleviate plaintiff from discovery obligations, failures to timely object to discovery requests and the consequences of bearing defendant's fees and costs. Id. at *3 and 4. Defendants made similar arguments regarding plaintiff Rtobelto's claimed reasons for her motion and claimed that she had not been charged with a crime. Id. at*4. Ultimately, the district court concluded because defendants would not suffer clear legal prejudice if the motions were granted, the motions should be granted, but determined defendants proposed conditions went too far. Id. at *11-12. The district

court determined that the dismissals without prejudice required imposition of "*only* those conditions which will alleviate the harm caused to the defendant." (Citation omitted; emphasis added by district court). Id. at 12. The district court then determined **if plaintiffs refile this action, they must also pay all reasonable attorneys' fees incurred in defending the case and attempting to depose the plaintiffs and all motions/responses defendants prepared in opposing plaintiff's attempt to dismiss the case.** Id. The district court noted that while taxable costs and attorneys' fees "are perhaps the most common conditions courts impose under Rule 41," id., at *13, the trial judge is not limited to these conditions but may also condition dismissal upon int imposition of other terms designed to reduce inconvenience to the defendant. Id. In Ortiz, *in addition to the fees and costs condition, the district court required plaintiffs to preserve all documents "requested in Defendants' prior requests for production, including cell phone records and tax returns, for the relevant time period that Plaintiffs allege they are owed unpaid wages. A failure to preserve these records shall limit the time period that Plaintiffs may pursue their claims for unpaid wages.*"[8]

E. Ansley v. Spicer, CASE No.: 2:18-cv-01010-RAH (WO) (M.D. Ala. Feb. 6, 2020). The plaintiff sought dismissal because she soon would lack standing to prosecute the case as a personal representative because the underlying case had been filed in an incorrect forum. The defendant agreed to a dismissal without prejudice contingent upon plaintiff's return of all written discovery and documents obtained from defendant and third parties and payment of all defense costs and fees. A second defendant did not oppose the dismissal conditioned upon the taxation of costs

---

[8] The Eleventh Circuit has similarly upheld dismissals without prejudice which contained conditions prohibiting plaintiffs from re-filing their lawsuits unless they paid the attorney's fees reasonably incurred by the defendants in defending the dismissed lawsuit. See Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328-29 (11th Cir. 2004); Roberts Enterprises, Inc. v. Olympia Sales, Inc., 2006 WL 1736761 (11th Cir. June 23, 2006). Ortiz, at *8.

against the plaintiff. The Court granted the dismissal without prejudice, **with costs taxed against the plaintiff,** but denied all other relief. See discussion under Point II of opinion regarding parties arguments in light of Eleventh Circuit precedent and arguments made in district court cases about time and costs already incurred and whether it can be used in subsequent litigation.

      E.      Monterey at Malibu Bay Condo. Ass'n v. Empire Indem. Ins. Co., Case No.: 19-23353-CIV-LOUIS (S.D. Fla October 15, 2020). This was an insurance dispute arising for losses suffered in Hurricane Irma. Plaintiff filed a Rule 41(a)(2) motion for dismissal without prejudice which defendant opposed. On October 15, 2020, after reviewing the briefing and hearing argument on the motion, the magistrate judge granted plaintiff's motion over defendant's objection, and conditioned the dismissal without prejudice upon the following terms: (1) "Plaintiff is permitted to voluntarily dismiss its claim against Defendant without prejudice. However, *if Plaintiff re-files this action at a later date, Plaintiff shall pay all taxable costs and attorneys" fees that Defendant incurred in defending this action,"* and (2) *"Plaintiff must also preserve all documents and other discovery requested in this suit,"* so defendant could use such discovery if plaintiff re-files the case.

**C.**      **Application of the law to the facts.**

      The Court must grant plaintiff's motion for dismissal without prejudice because there is no evidence that plaintiff has proceeded in bad faith**.** Durham, supra**.** The fact that a summary judgment motion is pending, and that plaintiff is filing for dismissal to avoid an adverse ruling on summary judgment is of no import because Rule 41(a) "expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment." Pontenberg, supra, and unless there is a showing of bad faith, "the mere attempt to avoid an adverse summary judgment ruling in and of itself" does not equate the "clear legal prejudice, other than the mere prospect of a subsequent law suit" required for the court to grant

a voluntary dismissal "in most cases." Id., quoting McCants, supra. Finally, were defendant to claim it is prejudiced by not being given the opportunity to win the summary judgment motion and go after a fee award as did the defendant in Ooida, supra. Under United States Supreme Court precedent,

> Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." Christiansburg Garment Co. v. EEOC,434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648, 654 (1978) (Title VII). By contrast, a more stringent standard applies to prevailing defendants *who may be awarded attorney's fees only when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith"*. Christiansburg Garment Co.,434 U.S. at 421, 98 S.Ct. at 700, 54 L.Ed.2d at 657. This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants. Hughes v. Rowe,449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980).

Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)(emphasis added).

As to what conditions the Court should apply to protect defendant's interest, plaintiff urges the court to look at the conditions upheld in Pontenberg, supra, as a proper exercise of the district court's broad discretion: that the court "should assess costs against plaintiff pursuant to Fed.R.Civ.P. 41(d) if the plaintiff refiled [his] action against the defendant," rather than the various conditions that have been awarded by district courts but not tested in the Eleventh Circuit.

## **Conclusion**

Based on the arguments and authorities set forth herein, plaintiff respectfully requests that he motion to dismiss the complaint without prejudice be granted conditioned upon paying the defendant's cost should he refile his complaint.

**Conferral Statement.** Plaintiff's counsel, Karen Coolman Amlong, conferred with all counsel of record concerning their position on plaintiff's to-be-filed Rule 41(a)(2) motion for voluntary dismissal without prejudice by email on January 24, 2022, but the lead counsel of record, Sherril Columbo, was out of the office and did not respond. Plaintiff has since conferred telephonically twice with Attorney Lori Brown, at the suggestion of defendant's counsel, Miguel Morel. Ms. Brown has not yet appeared in the case but counsel for the parties understood she kept abreast of the events in this case (she was included on plaintiff's certificate of service) and would appear if the matter was tried. After conferring with defendant, Ms. Brown advised Ms. Amlong the defendants do not oppose dismissal of the lawsuit if it is dismissed with prejudice. The parties will continue to confer to try to reach agreement on the conditions under which this matter may be dismissed and will advise the Court if agreement is reached. If agreement is not reached, defendant will address those issues in its response to this motion.

Defendant does not oppose the stay of pending all outstanding pretrial deadlines pending disposition of the instant motion.

            Respectfully Submitted,

            THE AMLONG FIRM
            Attorney for Plaintiff
            500 Northeast Fourth Street, Suite 101
            Fort Lauderdale, Florida 33301-1154
            Phone: (954) 462-1983

             /s/ *Karen Coolman Amlong*
            KAREN COOLMAN AMLONG
            Florida Bar Number 275565
            kamlong@theamlongfirm.com
            WILLIAM R. AMLONG
            Florida Bar Number 470228
            wramlong@theamlongfirm.com
            RANI NAIR BOLEN
            Florida Bar Number  0029293
            rbolen@theamlongfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this   26th    day of January, 2022 via PACER ECF service to Miguel A. Morel, Esq., (mamorel@littler.com); Sherri M. Colombo, Esq., (scolombo@littler.com ; and Alan Persaud, Esq., (apersaud@littler.com); and by email to Lori A. Brown, Esq., (labrown@littler.com), LITTLER MENDELSON, P.C., Wells Fargo Center, 333 SE 2nd Avenue, Suite 2700, Miami, FL  33131-1804, Attorneys for Defendant, AstraZeneca Pharmaceuticals, L.P.

   /s/ *Karen Coolman Amlong*

\\amlong3\cpshare\CPWin\HISTORY\220107_0001\1707.98