UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60612-RAR

**GUSTAVO AGUILAR, M.S., P.A.C.**,

    Plaintiff,

v.

**ASTRAZENECA PHARMACEUTICALS, L.P.**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Dismiss under Rule 41(a)(2) and to Stay Pretrial Deadlines [ECF No. 62] ("Motion"), filed on January 26, 2022. Defendant filed a response on January 31, 2022 [ECF No. 64] ("Response"). The Court having reviewed the Motion and Response, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has served a responsive pleading, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. . . . [I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986). Such a dismissal is ordinarily without prejudice, but district courts have "broad equitable discretion under Rule 41(a)(2)" to "weigh the relevant equities and do justice between the parties in each case, imposing such costs

and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001).

Plaintiff moves to dismiss without prejudice on the condition that Plaintiff pay Defendant's costs in defending this action if Plaintiff refiles this case. *See generally* Mot. Defendant argues that dismissal with prejudice is appropriate because, *inter alia*, Defendant has incurred significant costs in conducting eight depositions, producing thousands of pages of discovery, briefing multiple motions, and arguing numerous discovery disputes; Plaintiff's sole motivation is to avoid an adverse ruling on Defendant's pending Motion for Summary Judgment [ECF No. 53], to which Plaintiff has failed to respond; and Plaintiff failed to confer on the pretrial stipulation, jury instructions, and verdict form. Resp. at 3–4.[1] Defendant argues in the alternative that if the Court grants dismissal without prejudice, Plaintiff should be required upon refiling to pay Defendant's attorney's fees, in addition to costs, incurred in defending this action. *Id.* at 5–6.

The Court finds that Defendant will suffer no clear legal prejudice upon dismissal, other than the prospect of a subsequent lawsuit. But in weighing the equities of this case, the Court further finds that Defendant is entitled to recover all its expenses, including fees and costs, in the event Plaintiff refiles this action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1)  This case is **DISMISSED** *without prejudice*.
2)  In the event that Plaintiff refiles this action, Defendant shall be entitled to reimbursement by Plaintiff of all costs and attorney's fees thus far incurred in defending this case.

---

[1] Unfortunately, Defendant has provided—and the Court is aware of—no instance where a court faced with a Rule 41(a)(2) motion to dismiss *without prejudice* has instead dismissed *with prejudice*.

3)   The Clerk is directed to **CLOSE** the case.

4)   All other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**